STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP.-01-67
S.. - KU... ..../...

MONICA GORMAN,

     Plaintiff/Appellee

   v.

LEO BARNETT,

     Defendant/Appellant

**DECISION ON APPEAL**

This matter came on for hearing before the court on the appeal of defendant/appellant Leo Barnett from a default judgment awarded to the plaintiff in the District Court.

## Background

On April 30, 2001, plaintiff Monica Gorman filed her small claims statement of claim seeking return of a $3,000 security deposit from her former landlord, Barnett. The claim was scheduled for hearing on June 12, 2001. The parties met with a mediator that day, but the claim was not reached for hearing and had to be continued. Subsequently, a notice was sent to the parties captioned "Show Cause Hearing" and stating, "You are hereby notified that the Show Cause Hearing for the above action is scheduled for: July 30, 2001, at 8:30 a.m." On July 30, the plaintiff appeared, but the defendant did not appear at the time scheduled. Judgment by default was rendered to the plaintiff in the sum of $3,000 plus costs by default.

1

## Discussion

On appeal, Barnett argues that he was deprived of due process of law as guaranteed by the United States and Maine Constitutions. Barnett argues that the notice of the hearing for July 30 was not mailed in time, was ambiguous, and failed to warn him that if he did not appear a judgment would be rendered to the plaintiff by default. With regard to the timeliness of notice from the court, the evidence is not clear. The docket entry concerning mailing of the notice could be interpreted as saying that the notice was not mailed until the date of the hearing. However, the docket entry can also be read to the contrary and it is clear that the plaintiff received a timely notice of the hearing. The appellant does not prevail on this argument.

The appellant is more successful with his arguments based on the notice itself. Most important, the notice is misleading in that it speaks of a "show cause" hearing when there is no such procedure in a small claims proceeding. This ambiguity in the notice would be sufficient by itself to constitute a violation of due process. However, the lack of a warning that a failure to appear will result in a default judgment simply compounds the constitutional problem.

The entry will be:

Appeal is GRANTED; the District Court's judgment of July 30, 2001, is VACATED and this matter is REMANDED to the District Court for a new hearing after proper notice.

Dated: January 23, 2002

S. Kirk Studstrup
Justice, Superior Court

2

Date Filed __9/13/01__ _____Kennebec_____ Docket No. __AP01-67__

County

Action ___District Court Appeal___

Small Claims

# J. ATWOOD

___Monica Gorman___ vs. ___Leo Barnett___

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Monica Gorman, Pro Se<br>14 Deer Run<br>Oakland, Maine 04963 | Leo Barnett, Pro Se<br>RR #1, Box 2888<br>Belgrade, Maine  04917<br><br>John Pelletier, Esq.<br>Box 738<br>Augusta  ME  04332-0738 |

| Date of Entry | |
|---|---|
| 9/13/01 | Appeal from District Court with all papers, filed. |
| ------- | Briefing schedule mailed to parties. |
| 10/23/01 | Entry of Appearance and Brief for Appellant, filed. . s/J. Pelletier, Esq. |
| 11/19/01 | Brief Reply for Appellee, filed. s/Gorman. |
| 1/9/02 | Hearing had on oral arguments with Hon. Justice Kirk Studstrup, presiding.<br>Tape 591,592 Index 6685-7226, 0001-240<br>Monica Gorman, Pro Se, Plt. John Pelletier, Esq. for the Defendant.<br>Oral arguments made to the court. Court to take matter under advisement. |
| 1/23/02 | DECISION ON APPEAL, Studstrup, J.<br>Appeal is GRANTED; the District Court's Judgment of July 30, 2001, is VACATED and this matter is REMANDED to the District Court for a new hearing after proper notice.<br>Copies mailed to atty and Pltf.<br><br>Copies mailed to Deborah Firestone, Garbrecht Library and Goss. |